1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MARSHALL, | Case No. 1:11-cv-01908-DLB PC |
| Plaintiff, | **ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** |
| v. | ECF No. 1 |
| PAM AHLIN, et al., | |
| Defendants. | |

## I.    Background

Plaintiff Oscar Marshall ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health ("DMH"), detained pursuant to California's Sexually Violent Predators Act ("SVPA"), Cal. Welf. & Inst. Code § 6600, et seq.  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On November 16, 2011, Plaintiff filed his complaint.  ECF No. 1.  On September 24, 2012, the Court screened Plaintiff's complaint and found that it stated cognizable claims for relief against Defendants Moreno and Medina for violation of the Fourth Amendment and excessive force in violation of the Due Process Clause of the Fourteenth amendment.  ECF No. 6.  Plaintiff was provided the opportunity to file an amended complaint or proceed on the cognizable claims.  On October 5, 2012, Plaintiff notified the Court that he wished to proceed only on the cognizable claims.  ECF No. 7.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1       A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

5  U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual

7  allegations are accepted as true, legal conclusions are not. *Id.*

8  **II.**    **Summary of Complaint**

9       Plaintiff is civilly committed at Coalinga State Hospital ("CSH") in Coalinga, California,

10  where the events giving rise to this action occurred. Plaintiff names as Defendants: Pam Ahlin,

11  executive director of CSH; David Montoya, Chief of Hospital Police Officers; F. Moreno and R.

12  Medina, hospital police officers; and John Doe, director of the DMH.

13       Plaintiff alleges the following. On September 13, 2010, at 6:30 p.m., Plaintiff was

14  approached by Defendants Moreno and Medina as he exited the Unit #11 restroom. Compl. ¶ 9.

15  Defendants Moreno and Medina were the officers assigned to work the Unit #11 housing unit that

16  night. Defendants stood approximately five feet in front of the doorway. One of the Defendants

17  informed Plaintiff that he smelled smoke coming from the restroom, and wanted to pat search

18  Plaintiff for tobacco. Plaintiff stated that if there was smoke, it was not from Plaintiff. Plaintiff

19  stated that he was not smoking, and that Defendants could not smell smoke on Plaintiff. Plaintiff

20  states that all tobacco products were discontinued in 2008. However, hospital staff would sneak in

21  tobacco and sell it to patients.

22       Defendant Moreno insisted that he wanted to search Plaintiff. Compl. ¶ 10. Plaintiff

23  indicated that he had a right to refuse a body search at any time. However, Plaintiff proposed a

24  compromise that he would consent to a search by Defendants' superior, a sergeant. Defendant

25  Moreno stated that he was not going to call the sergeant and would search Plaintiff one way or

26  another.

27       Plaintiff interpreted the statement as intent to use force. Compl. ¶ 11. Plaintiff stated that he

28  knew his rights and Defendants were not authorized to search Plaintiff without the sergeant present.

1    Plaintiff then turned away from the officers and walked about eight feet.  Compl. ¶ 12.  Defendant

2    Moreno then lunged behind Plaintiff's back, grabbed him in a headlock, and swiveled to his left,

3    slamming Plaintiff face down on the tile floor.  Defendant Medina dropped to the floor in a squat,

4    with his knee on the small of Plaintiff's back.  Defendant Medina held Plaintiff's legs down, while

5    Defendant Moreno activated the staff emergency alarm.  Defendant Moreno forced Plaintiff's left

6    arm behind his back.  Defendant Moreno handcuffed Plaintiff behind his back while Defendant

7    Medina held onto his legs.

8           Plaintiff shouted that he had back problems, but Defendants ignored his pleas until Plaintiff

9    had been completely secured behind his back.  Compl. ¶ 13.  Ten more officers, and four psychiatric

10   technicians arrived, and two of the technicians checked Plaintiff for injury.  Compl. ¶ 14.  Plaintiff

11   was unable to stand on his own and collapsed down to his knees.

12          Defendant Moreno patted Plaintiff down while he lay sideways on the floor, but did not find

13   tobacco or a lighter.  Compl. ¶ 15.  Plaintiff contends that he suffered trauma to his head, neck, and

14   back because of Defendants Moreno and Medina's actions.  Compl. ¶ 16.  Plaintiff continues to

15   suffer physical discomfort to this day, including on-and-off back pain and severe headaches.

16          Plaintiff alleges that Defendants Moreno and Medina violated the Fourth Amendment, the

17   Equal Protection clause of the Fourteenth Amendment, and the Eighth Amendment.  Plaintiff alleges

18   that Defendant Montoya as the chief of the Department of Police Services violated his rights by

19   failing to supervise his subordinate officers so that they implement safe and effective pat searches.

20   Plaintiff alleges that Defendant Ahlin failed to investigate, correct, or discipline officers discovered

21   to be committing inappropriate or roguish behavior.  Defendant Ahlin also failed to take

22   administrative or disciplinary action against Defendants Moreno and Medina.  Defendant John Doe,

23   director of the DMH, approved the use of pepper spray, clubs, and bulletproof vests for hospital

24   officers, essentially giving officers the green-light to cast aside reasonableness regarding the use of

25   force.  Plaintiff contends that Defendant John Doe violated the ADA in addition to the previously

26   mentioned constitutional rights.  Plaintiff also alleges a violation of California law.

27          Plaintiff requests as relief compensatory and punitive damages, and declaratory relief.

28   Plaintiff also seeks nominal damages, that the SVPA is applied and administered by Defendants in

3

1   violation of collateral estoppel, res judicata, and the Ex Post Facto Clause.

2   **III.     Analysis**

3           **A.       Defendants Medina and Moreno**

4                   **1.        Fourth Amendment**

5           Plaintiff alleges that Defendants violated Plaintiff's rights under the Fourth Amendment.

6   The Fourth Amendment protects against unreasonable searches and seizures.  U.S. Const. amend.

7   IV. The test of reasonableness requires balancing the need for the particular search against the

8   invasion of personal rights that search entails.  *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).  "Courts

9   must consider the scope of the particular intrusion, the manner in which it is conducted, the

10  justification for initiating it, and the place in which it is conducted."  *Id.*  Plaintiff states a cognizable

11  Fourth Amendment claim against Defendants Medina and Moreno.

12                  **2.        Excessive Force, Eighth Amendment, and Due Process**

13          Plaintiff alleges that Defendants violated Plaintiff's rights under the Eighth Amendment.

14  Plaintiff does not state an Eighth Amendment claim, as the Eighth Amendment is applicable to

15  prisoners, not civil detainees.  However, the Due Process Clause of the Fourteenth Amendment is

16  applicable for allegations of excessive use of force in the civil detainee context.

17          Civil detainees are entitled to Fourteenth Amendment protections.  *See Seling v. Young*, 531

18  U.S. 250, 265 (2001) ("[D]ue process requires that the conditions and duration of confinement under

19  the [civil confinement act] bear some reasonable relation to the purpose for which persons are

20  committed."); *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status,

21  with all the Fourteenth Amendment rights that accompany it.").  A civil detainee is entitled to "more

22  considerate treatment" than his criminally detained counterparts.  *Jones*, 393 F.3d at 932 (quoting

23  *Youngberg*, 457 U.S. at 321-22).  In the context of pretrial detainees, the Fourteenth Amendment

24  requires that pretrial detainees not be subject to conditions that amount to punishment.  *Bell*, 441

25  U.S. at 536.  "At a bare minimum . . . an individual detained under civil process - like an individual

26  accused but not convicted of a crime - cannot be subject to conditions that "amount to punishment."

27  *Jones*, 393 F.3d at 932 (quoting *Bell*, 441 U.S. at 536).   Thus, "when a SVPA detainee is confined

28  to conditions identical to, similar to, or more restrictive than, those in which his criminal

1    counterparts are held, [the Court] presume[s] that the detainee is being subjected to punishment." *Id.*

2    (quotations omitted).

3         A claim of excessive force by a pretrial detainee is analyzed under the objective

4    reasonableness standard. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002)

5    (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)) (holding use of force is reasonable after

6    careful balancing of the nature and quality of the intrusion on the individual's constitutional interests

7    against the countervailing government interests at stake); *see also Andrews v. Neer*, 253 F.3d 1052,

8    1060-61 (8th Cir. 2001) (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989))

9    (applying objective reasonableness standard in context of civil detainees and finding use of force

10   must be necessarily incident to administrative interests in safety, security, and efficiency).

11        Plaintiff has sufficiently stated an excessive force claim in violation of the Due Process

12   Clause of the Fourteenth Amendment against Defendants Medina and Moreno.

13                    **3.        Equal Protection**

14        Plaintiff alleges that Defendants violated Plaintiff's rights under the Equal Protection Clause.

15   "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should

16   be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing

17   *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  An equal protection claim may be established by showing

18   that the defendant intentionally discriminated against the plaintiff based on the plaintiff's

19   membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that

20   similarly situated individuals were intentionally treated differently without a rational relationship to

21   a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch*

22   *Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d

23   478, 486 (9th Cir. 2008).  A plaintiff must allege sufficient facts either showing intentional unlawful

24   discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v.*

25   *Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and

26   citation omitted).  Plaintiff fails to state an Equal Protection claim against Defendants Medina and

27   Moreno.  Plaintiff fails allege facts which indicate that Defendants are intentionally discriminating

28   against Plaintiff based on membership in a protected class.

**B.      Defendant Montoya**

Plaintiff contends that Defendant Montoya violated the Fourth Amendment, Eighth Amendment, and Equal Protection Clause of the Fourteenth Amendment because he did not implement procedures for confrontations with civil detainees, and failed to properly supervise officials under him.  Plaintiff appears to be alleging liability based on his supervisory role.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to state a claim against Defendant Montoya.  Plaintiff alleges no facts which demonstrate that Defendant Montoya personally participated in an alleged deprivation of his constitutional rights, or knew of constitutional violations and failed to act to prevent them.  Failure to discipline officers after the event has occurred does not demonstrate a constitutional violation.

**C.      Defendant Ahlin**

Plaintiff contends that Defendant Ahlin violated the Fourth Amendment, Eighth Amendment, and Equal Protection Clause of the Fourteenth Amendment because she did not correct or discipline officers committing inappropriate behavior or take disciplinary action against the officers.  Plaintiff fails to state a claim against Defendant Ahlin.  Plaintiff alleges no facts which demonstrate that Defendant Ahlin personally participated in an alleged deprivation of his constitutional rights, or knew of constitutional violations and failed to act to prevent them.  Failure to discipline officers after the event has occurred does not demonstrate a constitutional violation.

//

6

1

     **D.**     **Defendant Director John Doe**

2

     Plaintiff contends that Defendant John Doe, director of DMH, approved use of pepper spray

3

and billy clubs, which shifted the environment at the hospital into an aggressive prison-hospital

4

warehouse, in violation of the Americans with Disabilities Act, and the First, Fourth, Eighth, and

5

Fourteenth Amendments.

6

     Plaintiff fails to state a claim against Defendant John Doe.  Plaintiff alleges no facts which

7

demonstrate that Defendant John Doe personally participated in an alleged deprivation of his

8

constitutional rights, or knew of constitutional violations and failed to act to prevent them.

9

     **E.**     **Plaintiff's Other Claims**

10

     Plaintiff alleges a violation of the California Constitution's protections for due process,

11

which is Article 1, Section 7 of the California Constitution.  There is no private cause of action under

12

Article 1, Section 7 of the California Constitution.  *Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th

13

300, 303 (2002).

14

     In his request for relief as to nominal damages, Plaintiff contends that the SVPA is punitive

15

in nature as applied by Defendants.  Plaintiff cites to collateral estoppel and res judicata, without

16

explanation, and thus does not state a claim regarding them.

17

     Plaintiff also cites to the Ex Post Facto Clause.  Plaintiff fails to state an Ex Post Facto claim.

18

The California Supreme Court found that the SVPA does not violate the Ex Post Facto Clause.

19

*Hubbart v. Superior Court*, 19 Cal. 4th 1138, 1179 (1999).  California's SVPA is very similar to

20

Kansas's statutory scheme, which was upheld by the United States Supreme Court.  *Kansas v.*

21

*Hendricks*, 521 U.S. 346, 369 (1997) (finding that Kansas's SVPA did not establish criminal

22

proceedings and therefore confinement was not punitive and not in violation of Ex Post Facto

23

Clause).

24

**IV.**     **Conclusion and Order**

25

     Plaintiff states cognizable Fourth Amendment and excess force Due Process claims against

26

Defendants Moreno and Medina.  Plaintiff does not state any other claims against any other

27

Defendants.  The Court provided Plaintiff with the opportunity to file an amended complaint to cure

28

the deficiencies identified.  Plaintiff notified the Court that he wished to proceed only on the

1  cognizable claims.

2        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

3        1.       This action proceed against Defendants Moreno and Medina for violation of the

4  Fourth Amendment and excessive force in violation of the Due Process Clause of the Fourteenth

5  Amendment;

6        2.       All other claims are dismissed with prejudice for failure to state a claim upon which

7  relief may be granted; and

8        3.       Defendants Ahlin, Montoya, and John Doe are dismissed from this action.

9

10

11

12  IT IS SO ORDERED.

13     Dated:    **November 5, 2012**                    /s/ *Dennis L. Beck*

14                                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28