1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

OSCAR MARSHALL,

11

          Plaintiff,

12

    v.

13

PAM AHLIN, et al.,

14

          Defendants.

15

_____/

Case No.  1:11-cv-01908 LJO DLB PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT BE
GRANTED

[ECF No. 33]

OBJECTION DEADLINE: THIRTY DAYS

16

17

## I.  **Background**

18

Plaintiff Oscar Marshall ("Plaintiff") is a civil detainee in the custody of the California

19

Department of Mental Health, detained pursuant to California's Sexually Violent Predator Act

20

("SVPA"), Cal. Welf. & Inst. Code § 6600 et seq. This action is proceeding on Plaintiff's

21

complaint filed on November 16, 2011, against Defendants F. Moreno and R. Medina for violation

22

of the Fourth Amendment and excessive force in violation of the Due Process Clause of the

23

Fourteenth Amendment.

24

On August 18, 2014, Defendants filed a motion for summary judgment.  (ECF No. 33.)

25

On January 20, 2015, Plaintiff filed an opposition to the motion for summary judgment.  (ECF No.

26

40.)  Attached to Plaintiff's opposition was also a pleading entitled Notice of Motion for Cross-

27

Summary Judgment.  (ECF No. 40.)  Defendants filed a reply to Plaintiff's opposition on January

28

28, 2015. (ECF No. 41).   Defendants also filed an objection to Plaintiff's Cross Motion for

1  Summary Judgment on January 28, 2015.  (ECF No. 41-2.)  Plaintiff filed an opposition to

2  Defendants' objection on February 13, 2015.  (ECF No. 42.)  The motion for summary judgment

3  has been submitted upon the record without oral argument.[1]  Local Rule 230(*l*).  For the reasons

4  set forth below, the Court recommends that Defendants' motion be granted.

5  **II.    Legal Standard**

6      Any party may move for summary judgment, and the Court shall grant summary judgment

7  if the movant shows that there is no genuine dispute as to any material fact and the movant is

8  entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a) (quotation marks omitted);

9  Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).   Each party's position,

10  whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular

11  parts of materials in the record, including but not limited to depositions, documents, declarations,

12  or discovery; or (2) showing that the materials cited do not establish the presence or absence of a

13  genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.

14  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the

15  record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen

16  v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v.

17  Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

18      Defendant does not bear the burden of proof at trial and in moving for summary judgment,

19  he need only prove an absence of evidence to support Plaintiff's case.   In re Oracle Corp.

20  Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S.

21  317, 323, 106 S.Ct. 2548 (1986)).  If Defendant meets his initial burden, the burden then shifts to

22  Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re

23  Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to

24  "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty

25  Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

26

27  [1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the
requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154
28  F.3d 952, 960-61 (9th Cir. 1998).

1   However, in judging the evidence at the summary judgment stage, the Court may not make

2   credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless, Inc.</u>, 509

3   F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all

4   inferences in the light most favorable to the nonmoving party and determine whether a genuine

5   issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v.</u>

6   <u>City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted),

7   *cert. denied*, 132 S.Ct. 1566 (2012).  The Court determines *only* whether there is a genuine issue

8   for trial and in doing so, it must liberally construe Plaintiff's filings because he is pro se.  <u>Thomas</u>

9   <u>v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

10  **III.    Cross Motion for Summary Judgment**

11       As noted above, Plaintiff attached a pleading entitled "Notice of Motion for Cross-

12  Summary Judgment" to his opposition to Defendants' motion for summary judgment.  Defendants

13  argue correctly that the cross-motion should be denied as wholly deficient.

14       As correctly noted by Defendants, Plaintiff failed to conform to Fed. R. Civ. P. 56(c)

15  regarding "supporting factual positions," or to comply with the requirement of L.R. 260 (a), that a

16  motion [or cross-motion] for summary judgment "shall be accompanied by a 'Statement of

17  Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in

18  support of the motion and cite the particular portions of any pleading, affidavit, deposition,

19  interrogatory answer, admission, or other document relied upon to establish the fact." Nor did

20  plaintiff, in his opposition, "reproduce the itemized facts in the Statement of Undisputed Facts and

21  admit those facts that are undisputed and deny those that are disputed, including with each denial a

22  citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer,

23  admission, or other document relied upon in support of that denial." L.R. 260(b), in part.

24       The Court agrees with Defendants that with respect to his cross-motion for summary

25  judgment, Plaintiff has wholly failed to show entitlement to entry of judgment in his favor.  The

26  wholesale failure to conform to the requirements of a motion or cross-motion for summary

27  judgment, while not fatal in the context of Plaintiff's opposition, renders the cross-motion

28  completely defective.

1    As to his opposition to Defendants' summary judgment motion, the Court notes that only

2    the complaint is verified as having been filed under penalty of perjury.   Plaintiff's opposition,

3    cross-motion for summary judgment, and reply to Defendants' opposition were not filed by

4    Plaintiff under penalty of perjury.

5    **IV.    Plaintiff's Claim**[2]

6    Plaintiff is civilly committed at Coalinga State Hospital ("CSH") in Coalinga, California,

7    where the events giving rise to this action occurred. Plaintiff names as Defendants: hospital police

8    officers F. Moreno and R. Medina.

9    Plaintiff alleges the following. On September 13, 2010, at 6:30 p.m., Plaintiff was

10   approached by Defendants Moreno and Medina as he exited the Unit #11 restroom. Compl. ¶ 9.

11   Defendants Moreno and Medina were the officers assigned to work the Unit #11 housing unit that

12   night. Defendants stood approximately five feet in front of the doorway. One of the Defendants

13   informed Plaintiff that he smelled smoke coming from the restroom, and wanted to pat search

14   Plaintiff for tobacco. Plaintiff stated that if there was smoke, it was not from Plaintiff. Plaintiff

15   stated that he was not smoking, and that Defendants could not smell smoke on Plaintiff. Plaintiff

16   states that all tobacco products were discontinued in 2008. However, hospital staff would sneak in

17   tobacco and sell it to patients.

18   Defendant Moreno insisted that he wanted to search Plaintiff. Compl. ¶ 10. Plaintiff

19   indicated that he had a right to refuse a body search at any time. However, Plaintiff proposed a

20   compromise that he would consent to a search by Defendants' superior, a sergeant. Defendant

21   Moreno stated that he was not going to call the sergeant and would search Plaintiff one way or

22   another.

23   Plaintiff interpreted the statement as intent to use force. Compl. ¶ 11. Plaintiff stated that

24   he knew his rights and Defendants were not authorized to search Plaintiff without the sergeant

25   present. Plaintiff then turned away from the officers and walked about eight feet. Compl. ¶ 12.

26

27   [2] Plaintiff's complaint is verified and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence.  Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).

28

4

1 Defendant Moreno then lunged behind Plaintiff's back, grabbed him in a headlock, and swiveled

2 to his left, slamming Plaintiff face down on the tile floor. Defendant Medina dropped to the floor

3 in a squat, with his knee on the small of Plaintiff's back. Defendant Medina held Plaintiff's legs

4 down, while Defendant Moreno activated the staff emergency alarm. Defendant Moreno forced

5 Plaintiff's left arm behind his back. Defendant Moreno handcuffed Plaintiff behind his back while

6 Defendant Medina held onto his legs.

7 Plaintiff shouted that he had back problems, but Defendants ignored his pleas until

8 Plaintiff had been completely secured behind his back. Compl. ¶ 13. Ten more officers, and four

9 psychiatric technicians arrived, and two of the technicians checked Plaintiff for injury. Compl. ¶

10 14. Plaintiff was unable to stand on his own and collapsed down to his knees.

11 Defendant Moreno patted Plaintiff down while he lay sideways on the floor, but did not

12 find tobacco or a lighter. Compl. ¶ 15. Plaintiff contends that he suffered trauma to his head, neck,

13 and back because of Defendants Moreno and Medina's actions. Compl. ¶ 16. Plaintiff continues to

14 suffer physical discomfort to this day, including on-and-off back pain and severe headaches.

15 Plaintiff alleges that Defendants Moreno and Medina violated the Fourth Amendment, the

16 Equal Protection clause of the Fourteenth Amendment, and the Eighth Amendment.

17 **V.    Undisputed Facts[3]**

18 1.    On or about September 13, 2010, Defendants F. Moreno and R. Medina were on

19 duty in the corridors of Unit II. At approximately 6:30pm, Defendant Moreno was walking by the

20 restroom of that corridor. That restroom was known to be a place that patients went to smoke

21 cigarettes. Cigarettes are considered contraband at CSI-I. (Moreno Decl. ¶ 2; Kite Dep. 18:6-16.)

22 2.    As he passed the restroom, Defendant Moreno detected the smell of cigarette

23 smoke. Because of this, and because he knew this was a place that patients went to smoke

24 cigarettes, he decided to investigate. (Moreno Decl. ¶ 3.)

25 3.    Defendant Moreno enlisted the assistance of his partner, Defendant Medina. They

26
27
28

---

[3] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendant as undisputed.  Local Rule 260(b).  Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint.  Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).  Facts which are immaterial to resolution of Defendants' motion for summary judgment, unsupported by admissible evidence, and/or redundant are omitted.

1  entered the restroom and smelled a heavy odor of cigarette smoke. They also noted three

2  individuals in the stalls. (Moreno Decl. ¶ 4; Medina Decl. ¶ 5.)

3      4.      Defendant Moreno therefore believed that he had probable cause to conduct a pat -

4  down search. (Moreno Decl. ¶ 5; Medina Decl. ¶ 5.)

5      5.      Defendant Moreno and Defendant Medina then stationed themselves outside of the

6  restroom, where they could still smell cigarette smoke. Soon thereafter, a patient exited the

7  restroom. Defendant Moreno informed the patient that he suspected someone was or had been

8  smoking in the bathroom and needed to pat him down to check for contraband. A pat-down was

9  conducted without incident. No contraband was found. (Moreno Decl. ¶ 6.)

10     6.      A second patient then exited the restroom, and the process repeated. This also

11 occurred without incident and no contraband was found. (Moreno Decl. ¶ 7.)

12     7.      Then Plaintiff exited the restroom. Defendant Moreno informed him that he

13 suspected that a patient was smoking in the restroom and he needed to conduct a pat-down.

14 Plaintiff stated that he would not be searched without a sergeant present.  There is no requirement

15 under CSH policy that requires this. In fact, under CSI-1 policy, as a Hospital Police Officer

16 walking the corridor, Defendant Moreno is considered an Area Supervisor and is fully authorized

17 to conduct a pat down. (Moreno Decl. ¶ 8; Medina Decl. ¶ 6.)

18     8.      Defendant Moreno repeated himself to Plaintiff who then became what Defendant

19 Moreno and Defendant Medina perceived to be aggressive. Plaintiff testified that he closed to

20 within two to three inches of Defendant Medina. (Moreno Decl. 9; Medina Decl. ¶ 7; Pl.'s Dep.

21 31:20-32:1.)

22     9.      Because of his demeanor Defendant Moreno and Defendant Medina felt Plaintiff

23 was becoming physically aggressive and that an emergent intervention was warranted. (Moreno

24 Decl. ¶ 9; Medina Decl. ¶ 7.)

25     10.     As Defendant Moreno and Defendant Medina moved to restrain Plaintiff, they went

26 to the ground. As the officers placed handcuffs on Plaintiff, he began complaining that he had hurt

27 his back. They therefore immediately called for the Nurse on Duty to evaluate him. (Moreno Decl.

28 ¶ 10; Medina Decl. ¶ 8.)

1      11.    Plaintiff claims that his back was injured in the take down. He claims no other

2 injuries as a result of the event. (Pl.'s Decl. 39:6-14.)

3      12.    Defendant Moreno and Defendant Medina had no intent to injure Plaintiff. He only

4 reacted to what he perceived as Plaintiff becoming aggressive and needing to be restrained in

5 order to protect himself and he used the minimal amount of force required to do so. (Moreno Decl.

6 ¶ 11; Medina Decl. ¶ 9.)

7 **VI.**    **<u>Discussion</u>**

8      **A.**    **<u>Unreasonable Search and Seizure</u>**

9      Plaintiff alleges that Defendants violated Plaintiff's rights under the Fourth Amendment.

10 The Fourth Amendment prohibits only unreasonable searches. <u>Bell v. Wolfish</u>, 441 U.S. 520, 558,

11 99 S.Ct. 1861 (1979); <u>Byrd v. Maricopa Cnty. Sheriff's Dep't</u>, 629 F.3d 1135, 1140 (9th Cir.

12 2011); <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988).  The reasonableness of the

13 search is determined by the context, which requires a balancing of the need for the particular

14 search against the invasion of personal rights the search entails.  <u>Bell</u>, 441 U.S. at 558-59

15 (quotations omitted); <u>Byrd</u>, 629 F.3d at 1141; <u>Bull v. City and Cnty. of San Francisco</u>, 595 F.3d

16 964, 974-75 (9th Cir. 2010); <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1227 (9th Cir. 2010);

17 <u>Michenfelder</u>, 860 F.2d at 332-34.  Factors that must be evaluated are the scope of the particular

18 intrusion, the manner in which it is conducted, the justification for initiating it, and the place in

19 which it is conducted.  <u>Bell</u>, 441 U.S. at 559 (quotations omitted); <u>Byrd</u>, 629 F.3d at 1141; <u>Bull</u>,

20 595 F.3d at 972; <u>Nunez</u>, 591 F.3d at 1227; <u>Michenfelder</u>, 860 F.2d at 332.

21      Here, Defendant Moreno smelled smoke outside of a bathroom that was known to be a

22 place where patients smoked cigarettes, which are considered contraband.  Defendants Moreno

23 and Medina went inside the bathroom and noted that there were three individuals inside.  As each

24 patient came out, the Defendants subjected them to a pat-down search.  The first two inmates were

25 searched without incident.  Plaintiff then exited and was subjected to a pat-down search based on

26 the Defendants' belief that he was in possession of contraband.  There is no dispute that

27 Defendants had probable cause to conduct a pat-down search, and there is no evidence that the

28 pat-down search was unreasonable under the Fourth Amendment.  Therefore, Defendants are

1  entitled to summary judgment on Plaintiff's Fourth Amendment claim.

2  **B.**    **Excessive Force**

3  Plaintiff contends the Defendants used excessive force.  Civil detainees are entitled to

4  Fourteenth Amendment protections. See Seling v. Young, 531 U.S. 250, 265 (2001) ("[D]ue

5  process requires that the conditions and duration of confinement under the [civil confinement act]

6  bear some reasonable relation to the purpose for which persons are committed."); Jones v. Blanas,

7  393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth

8  Amendment rights that accompany it."). A civil detainee is entitled to "more considerate

9  treatment" than his criminally detained counterparts. Jones, 393 F.3d at 932 (quoting Youngberg,

10  457 U.S. at 321-22). In the context of pretrial detainees, the Fourteenth Amendment requires that

11  pretrial detainees not be subject to conditions that amount to punishment. Bell, 441 U.S. at 536.

12  "At a bare minimum . . . an individual detained under civil process - like an individual accused but

13  not convicted of a crime - cannot be subject to conditions that "amount to punishment." Jones, 393

14  F.3d at 932 (quoting Bell, 441 U.S. at 536). Thus, "when a SVPA detainee is confined to

15  conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts

16  are held, [the Court] presume[s] that the detainee is being subjected to punishment." Id.

17  (quotations omitted).

18  A claim of excessive force by a pretrial detainee is analyzed under the objective

19  reasonableness standard. See Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002)

20  (citing Graham v. Connor, 490 U.S. 386, 397 (1989)) (holding use of force is reasonable after

21  careful balancing of the nature and quality of the intrusion on the individual's constitutional

22  interests against the countervailing government interests at stake); see also Andrews v. Neer, 253

23  F.3d 1052, 1060-61 (8th Cir. 2001) (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th

24  Cir. 1989)) (applying objective reasonableness standard in context of civil detainees and finding

25  use of force must be necessarily incident to administrative interests in safety, security, and

26  efficiency).

27  Here, the undisputed evidence shows Plaintiff acted in an aggressive manner by refusing to

28  be searched and by coming within inches of Defendant Moreno.  (Pl.'s Dep. 31:20-32:1.)

8

1   Defendants then took Plaintiff to the ground and handcuffed him. In his opposition, Plaintiff
2   admits that "Plaintiff's passive resistance created a need for Defendants to apply reasonable force
3   to control him. . . ." (Pl.'s Opp'n at 13:26-27.) The Defendants use of force in taking Plaintiff to
4   the ground was thus indisputably incident to administrative interests in safety, security, and
5   efficiency. Under these circumstances, some amount of minimal force to gain compliance was
6   justifiable. The force used in this case was a takedown of Plaintiff to the ground. No other force
7   was employed after the take down, and no chemical agents were used. Once Plaintiff was taken to
8   the ground, he was immediately handcuffed. Under these circumstances, the amount of force used
9   was minimal and brief. After the incident, Plaintiff complained of back pain and he was promptly
10  given medical attention. That Plaintiff's preexisting back condition may have been aggravated by
11  the takedown does not alter the *de minimis* nature of the force used. Accordingly, the Court finds
12  that Defendants are entitled to judgment as a matter of law on Plaintiff's Fourteenth Amendment
13  excessive force claim.

14  **VII.**    **Conclusion and Recommendation**

15        For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant's
16  motion for summary judgment, filed on August 18, 2014, be GRANTED, thus concluding this
17  action in its entirety.

18        These Findings and Recommendations will be submitted to the United States District
19  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
20  **thirty (30) days** after being served with these Findings and Recommendations, the parties may
21  file written objections with the Court. Local Rule 304(b). The document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
23  objections must be filed within **ten (10) days** from the date of service of the objections. Local
24  Rule 304(d). The parties are advised that failure to file objections within the specified time may
25  ///
26  ///
27  ///
28  ///

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  __**September 29, 2015**__                _____ /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE