**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OSCAR MARSHALL,** | **Case No.  1:11-cv-1908-LJO-DLB PC** |
| **Plaintiff,** | **ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATION (Doc. 47)** |
| **v.** | |
| **F. MORENO AND R. MEDINA,** | |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff Oscar Marshall ("Plaintiff"), a civil detainee proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Defendants F. Moreno and R. Medina (collectively, "Defendants"). The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Magistrate Judge screened the complaint, finding that Plaintiff only stated claims against Defendants for (1) violation of his Fourth Amendment right to be free from unreasonable searches and seizures and (2) excessive force. Doc. 6 at 8-9.

The Magistrate Judge later issued Findings and Recommendations ("F&Rs") that recommend the Court grant Defendants' motion for summary judgment on those claims. Doc. 47, Findings and Recommendations ("F&Rs"), at 2. The F&Rs were served on all parties and contained notice that any objections were to be filed within 30 days. Doc. 47. Plaintiff timely filed objections to which Defendants timely replied. Docs. 48, 49.

The Court has conducted a de novo review of this case. 28 U.S.C. § 636(b)(1)(C). The Court ADOPTS IN FULL the F&Rs concerning Plaintiff's Fourth Amendment claim that Defendants unlawfully seized and searched him, but declines to adopt the F&Rs concerning Plaintiff's excessive force claim.

1

## II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The Court ADOPTS the Magistrate Judge's findings that the following facts are not in dispute.[1] F&Rs at 5-7. Defendants are police officers at Coalinga State Hospital ("CSH"), where Plaintiff is civilly committed. While on duty, Moreno detected the smell of cigarette smoke coming from a restroom that he knew to be a place where CSH patients went to smoke cigarettes, which they are not permitted to do. Moreno enlisted Medina to investigate. When they entered the bathroom, they smelled a heavy odor of cigarette smoke and observed three individuals in the stalls. They then stationed themselves outside the bathroom. When Plaintiff exited, they explained to him that they needed to search him for contraband. Plaintiff refused, insisting that a sergeant had to be present during the search. Plaintiff closed to within two to three inches of Medina.

This is where the parties' disagreement begins. Although the parties generally agree that Defendants forcibly restrained Plaintiff, they provide starkly different accounts of why and how Defendants did so. Plaintiff does not dispute that he refused to let Defendants search him without a sergeant present. Nor does he dispute that he inched in toward Defendants. He claims, however, that he did this so that Defendants could smell him to see if he smelled like smoke. Deposition of Oscar Marshall ("Marshall Depo."), at 31:20-32:1. Plaintiff alleges that he then turned around and began to walk away from Defendants. Doc. 1, Complaint ("Compl.") at ¶ 12. When he was between two and eight feet away, with his back faced toward Defendants, "Moreno lunged behind Plaintiff's back, grabbed him up in a headlock, then . . . swiveled to his left,

---

[1] "Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendant as undisputed." F&Rs at 5 n.3 (citations omitted). The Court therefore accepts Defendant's statement of undisputed facts except where brought into dispute by Plaintiff's verified pleadings. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1391, 1399-1400 (9th Cir. 1998).

slamming Plaintiff['s] face down on the hard, title [*sic*] floor." *Id.*[2] Medina then "dropped to the floor in a squatted position with his knee coming down on the small of Plaintiff's back," causing Plaintiff "strain and damage to his lower back," *id.* at ¶ 16, and "held Plaintiff's legs down as [] Moreno released Plaintiff's neck." *Id.* at ¶ 12. Plaintiff made "very loud and obvious cries of pain," and told Defendants he had back problems. *Id.* at ¶ 13. Although Plaintiff concedes that his "passive resistance created a need for Defendants to apply reasonable force to control him," Doc. 40 at 13, he asserts the force Medina exerted was unnecessary because "he was not fighting back, or resisting [Defendants'] efforts to restrain him from walking away." Compl. at ¶ 16. Due to Defendants' conduct, Plaintiff suffered pain in his lower back that rendered him unable to stand on his own for an unknown amount of time. *Id.* at ¶ 14. He immediately received medical attention for his back issues. *See id.* Plaintiff claims he continues to suffer back pain from the incident. *Id.* at ¶ 17.

Defendants' account of what transpired paints a different picture. Defendants contend that after they repeated their request to search Plaintiff, he closed in to within two to three inches of Medina and appeared to be "physically aggressive," which warranted "an emergent intervention." Doc. 33-1, Defendant's Separate Statement of Undisputed Material Facts ("SSUMF"), at 4. At this point, Defendants believed they needed to physically restrain Plaintiff to protect themselves and, as they "moved to restrain [him], they [all] went to the ground." *Id.* at 5-6. Defendants then handcuffed Plaintiff. *Id.* at 5. Defendants contend they "used the minimal amount of force required" at all times. *Id.*

---

[2] In his Complaint, Plaintiff alleges he was approximately eight feet away when this occurred, but in his deposition testimony he alleges he was approximately two feet away. *See* Marshall Depo. at 32:2-8.

### III. <u>STANDARD OF DECISION</u>

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th

Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## IV. **DISCUSSION**

The Ninth Circuit has outlined in detail the principles applicable to an excessive force claim as follows:

> To determine whether the force used by the officers was excessive under the Fourth Amendment, we must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). In this analysis, we must consider the following factors: (1) the severity of the crime at issue; (2) whether [the plaintiff] posed an immediate threat to the safety of the officers or others; and (3) whether [the plaintiff] actively resisted arrest. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001).

*Gregory v. Cnty. of Maui*, 523 F.3d 1103, 1106 (9th Cir. 2008).[3] Briefly put, "the degree of force used by the police is permissible only when a strong government interest *compels* the employment of such force." *Drummond*, 343 F.3d at 1060 (emphasis in original) (citation omitted). "[T]he need for force . . . is at the heart of the . . . *Graham* factors." *Alexander v. City & Cnty. of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994).

Because assessing the need for force "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom . . . summary judgment or judgment as a matter of law . . . should be granted sparingly" in cases involving claims of excessive force. *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003). "This is because such cases almost always turn on a jury's credibility determinations." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). "Where the objective reasonableness of an officer's conduct turns on disputed issues of material fact, it is a question of fact best resolved by a jury; only in the absence of material disputes is it a pure question of law." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citations and quotation marks omitted).

In the Court's view, the parties provide irreconcilable explanations of why and how Defendants restrained Plaintiff, took him to the ground, and handcuffed him. Although Defendants maintain Plaintiff's physically aggressive appearance necessitated their use of force, Plaintiff disputes any force was necessary given that he had walked at least a couple feet away

---

[3] Although Plaintiff's claim is brought under the Due Process clause of the Fourteenth Amendment, the Ninth Circuit has "determined that the Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention," which means that "*Graham* . . . explicates the standards applicable to a pretrial detention excessive force claim in this circuit." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citation and quotation marks omitted). As the F&Rs correctly observed, Plaintiff, as a civilly detainee, is entitled to the same Fourteenth Amendment protections as pretrial detainees. Accordingly, Fourth Amendment excessive force standards are likewise applicable to Plaintiff's excessive force claim brought under the Fourteenth Amendment. *See id.*; *see also Fisher v. Bryant*, 2:10-cv-2311-KJM-DAD, 2012 WL 3276968, at *9 (E.D. Cal. Aug. 9, 2012) (collecting cases applying Fourth Amendment excessive force standards to civil detainees' excessive force claims brought under the Fourteenth Amendment); *Pierce v. Multonomah Cnty., Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996) ("the Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant ").

and had his back to Defendants when Moreno first grabbed him. And although Defendants describe the force they used as nothing more than that which was necessary to restrain Plaintiff, take him to the ground, and handcuff him, Plaintiff contends Moreno put him in a headlock, threw him to the ground, slammed his head on the ground. Plaintiff therefore asserts Defendants' use of force was excessive. It appears that the resolution of these differing accounts will "turn on a jury's credibility determinations." *City of Hemet*, 394 F.3d at 701.

The Court therefore finds that there are numerous issues of material fact as to whether Defendants used excessive force against Plaintiff. *See Santos*, 287 F.3d at 853 ("In light of the factual disputes regarding the amount of force used, the circumstances under which it was applied, and the extent of the plaintiffs' injuries, the question is properly for the jury whether the force applied by the officers was objectively reasonable under the totality of the circumstances."). Given these factual disputes, the Court cannot find that Defendants' use of force was permissible as a matter of law. *See id.* Accordingly, the Court DENIES Defendants' motion for summary judgment on Plaintiff's excessive force claim.

### V. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, the Court ADOPTS IN PART the F&Rs. The Court GRANTS Defendants' motion for summary judgment on Plaintiff's Fourth Amendment claim, but DENIES the motion on Plaintiff's excessive force claim.

IT IS SO ORDERED.

Dated:   **November 18, 2015**                    **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE