# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MARSHALL,<br><br>          Plaintiff,<br><br>   v.<br><br>PAM AHLIN, et al.,<br><br>          Defendants. | Case No.: 1:11-cv-01908 LJO DLB PC<br><br>ORDER VACATING TRIAL DATES, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE SCHEDULING ORDER AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>[Docs. 63, 64, 67) |

      Plaintiff Oscar Marshall, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 16, 2011. This case is set for jury trial on November 8, 2016, on Plaintiff's claim against Defendants F. Moreno and R. Medina for excessive force in violation of the Fourteenth Amendment of the United States Constitution.

      Plaintiff's pretrial statement was due on or before July 15, 2016, but he failed to file one. The Court notified Plaintiff of his failure to comply on August 9, 2016, and directed him to file a pretrial statement within seven days. Over seven days have passed and he has not filed a pretrial statement or otherwise responded to the Court's orders.

**I.    FAILURE TO COMPLY WITH COURT ORDER**

      On December 10, 2015, the Court issued a scheduling order which set the matter for jury trial on June 21, 2016. Following a telephonic trial setting conference on May 12, 2016, the matter was set for jury trial on November 8, 2016. The Court required Plaintiff to file a pretrial statement on or

1

before July 15, 2016. Plaintiff failed to comply with or otherwise respond to the order. On August 9, 2016, Plaintiff was notified of his failure to comply and ordered to file a pretrial statement within seven days. Plaintiff was warned that failure to respond to the order would result in sanctions including dismissal of this action, with prejudice. More than seven days have passed and Plaintiff has not filed a response to the order.

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). The second scheduling order contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the imposition of sanctions, including dismissal. (Doc. 53, p. 5, lns. 4-6.) Further, in the order to file pretrial statement, the Court warned Plaintiff that the failure to respond to the order could result in sanctions including dismissal. (Doc. 67.)

A scheduling order is not a frivolous piece of paper, idly entered. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted). Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to respond to the order to file pretrial statement warrant the imposition of sanctions.

**II.   DISMISSAL AS A SANCTION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2011, and it is set for jury trial in just over two months. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. This action has been pending for five years, and Plaintiff had ample time to begin trial preparation and comply with the scheduling order. Id. The Court has an extremely heavy caseload, and when litigants disregard orders of the court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. Id.

As for the risk of prejudice, while the mere pendency of an action does not constitute prejudice, the impairment of Defendants' ability to proceed to trial is prejudicial. Id. at 1227-28 (quotation marks omitted).

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. Id. at 1228.

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders.

Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. See Local Rule 281(b)(10),(11).

In conclusion, the Court finds that dismissal is warranted given the procedural posture of this case, Plaintiff's failure to comply with the pretrial scheduling order, and the unavailability of satisfactory alternative sanctions. In re PPA, 460 F.3d at 1228-29.

**ORDER**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. The telephonic trial confirmation hearing set for August 31, 2016, at 8:30 a.m., jury trial set for November 8, 2016, at 8:30 a.m., and all other pending deadlines are VACATED;

2. This action is dismissed, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order; and

1       3.     The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

    Dated:   **August 23, 2016**          /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE

4